1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7
8
9
10
11
12
13

| | |
|---|---|
| CHRISTOPHER AMIR WEAVER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-00323-JAD-GWF |
| ) | |
| vs. ) | **ORDER AND REPORT AND** |
| ) | **RECOMMENDATION** |
| CITY OF LAS VEGAS, *et al.* ) | |
| ) | Application to Proceed *in Forma* |
| Defendants. ) | *Pauperis* (ECF No. 1) and Screening of |
| ) | Complaint (ECF No. 1-2) and |
| _____ ) | Amended Complaint (ECF No. 3) |

14
15
16

     This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on February 17, 2016.

## BACKGROUND

17
18
19
20
21
22
23
24
25
26
27

     Plaintiff's Amended Complaint (ECF No. 3) alleges violations of 42 U.S.C. § 1983.[1] Plaintiff's amended complaint is largely disjointed and unclear.  He alleges violations against 15 named defendants including: Greyhound Bus Lines, the Las Vegas Metropolitan Police Department ("LVMPD"), Valley Hospital, Delilah with the Animal Foundation, Heather Jordan with Save this Life, Sprint, the State of Nevada, Metro PCS, T-Mobile, Seigal Suites, the Social Security Administration, North Vista Hospital, Sunrise Hospital, the Salvation Army, and Catholic Charities.  *See Amended Complaint* (ECF No. 3).  Several of Plaintiff's allegations stem from and revolve around his dog, Diamond, who had allegedly been illegally taken from Plaintiff on several occasions due to Plaintiff's admittance to Valley Hospital, North Vista Hospital and Sunrise Hospital.  *Id.*  In addition, Plaintiff asserts claims of theft, slander and defamation of character against Sprint, T-Mobile and Metro PCS because they made the iPhone a "token phone" and

28

---

[1] Plaintiff's amended complaint will be the operative complaint for purposes of this screening order.

1  provided similar phones to other customers, thereby enabling the world to track Plaintiff and profit

2  from using his personal information.  *Id.* at pg. 4–5, 8.  However, Plaintiff does not provide any

3  dates, times, or locations for any of these alleged violations.  Based on these allegations, Plaintiff

4  requests that the Court award him with approximately 14 million dollars in damages.  *Id.* at pg. 14.

5  **DISCUSSION**

6  **I.    Application to Proceed In Forma Pauperis**

7        Plaintiff filed this instant action and attached a financial affidavit to his application and

8  complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to

9  28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

10 Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

11 **II.   Screening the Complaint**

12       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

13 complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

14 dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

15 relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is

16 immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be

17 dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

18 doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

19 relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed

20 as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke*

21 *v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is

22 appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

23 whether or not there are judicially noticeable facts available to contradict them."  *Denton v.*

24 *Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the

25 plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,

26 unless it is clear from the face of the complaint that the deficiencies could not be cured by

27 amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28       The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832

2

F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

### III.   Instant Complaint

42 U.S.C. § 1983 is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States Constitution and laws.  In order to state a claim under § 1983, the plaintiff must show (1) a deprivation by the defendant of a right secured by the United States constitution or laws and (2) that the defendant deprived plaintiff of this right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604 (1970); *Jacobson v. Tahoe Regional Planning Agency*, 558 F.2d 928, 941 (9th Cir.1977); *Barragan v. Landry*, 2008 WL 873347, *6 (D. Nev. 2008).

Section 1983 states in relevant part:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding from redress,....

42 U.S.C. § 1983.

As noted above, there are two basic elements that a plaintiff is required to allege to have a claim under § 1983. First, plaintiff must allege that someone has deprived him of a right guaranteed to him by the federal constitution. The second is that the person who deprived him of that right acted under color of state law. Once the plaintiff alleges that his federal civil rights have been violated, then a plaintiff must show that those rights were violated by a person acting under color of state law. This means that plaintiff must name a person as a defendant in the complaint and that person must have acted under what is called "color of state law." Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

Plaintiff filed his complaint alleging that he has been a victim of discrimination, theft, slander, defamation of character, and that certain defendants falsified documents as it related to Plaintiff and his service animal. *See Amended Complaint* (ECF No. 3). Plaintiff, however, does not cite to any specific rights, privileges, or immunities secured by the Constitution under which he purports to allege a civil rights violation under § 1983. Therefore, Plaintiff failed to meet the first element required to allege a claim under § 1983 as it relates to all Defendants listed in Plaintiff's amended complaint.

. . .

. . .

4

**A.      Section 1983 Does Not Apply to Private Conduct**

Section 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).  Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997).  Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.*  A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978).  The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center,* 192 F.3d 826, 835 (9th Cir. 1999).

Here, Plaintiff's claims against Defendants Greyhound Bus Lines, Valley Hospital, Delilah with the Animal Foundation, Heather Jordan with Save this Life, Sprint, Metro PCS, T-Mobile, Seigal Suites, North Vista Hospital, Sunrise Hospital, the Salvation Army, and Catholic Charities fail to establish the basic elements needed to successfully posit a claim under § 1983.  First, Plaintiff fails to state that Defendants' actions were the result of a government policy.  In addition, for purposes of § 1983, Defendants are private actors and are not deemed government officials acting under the color of state law and Plaintiff has not argued otherwise.  As a result, Plaintiff has not alleged that his constitutional rights were violated by a person acting under the color of state law and has therefore failed to state a claim upon which relief may be granted under § 1983. However, the Court cannot state with certainty that Plaintiff could never state a proper claim against Defendants.  Therefore, Plaintiff's amended complaint will be dismissed with leave to amend.

### B.      Municipal Entity Liability Under § 1983 - *Monell* Claim

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. Here, Plaintiff asserts that LVMPD violated his rights by arresting him and then having the Marshals transport him to Clark County Detention Center. *See Amended Complaint* (ECF No. 3), pg. 3. However, Plaintiff does not demonstrate that this conduct was driven by a policy or custom implemented by LVMPD and that the policy or custom was the driving force behind the alleged violations of Plaintiff's constitutional rights. Therefore, the Court will dismiss the § 1983 claim against LVMPD without prejudice, and will give Plaintiff leave to amend his amended complaint to state sufficient facts to state a claim, if he is able to do so.

### C.      States are not a "Person" for § 1983 Purposes

States, and any governmental agency that is an arm of the state, are not a "person for purposes of § 1983. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (states); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (state agencies); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (discussing both states and state agencies). Section 1983 lawsuits filed against states are legally frivolous because they are barred by the Eleventh Amendment. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Therefore, Plaintiff's claims against the state of Nevada are without an arguable legal basis and the Court will recommend that they be dismissed with prejudice.

. . .

6

1

### D.   United States Liability Under § 1983

2       Plaintiff asserts a claim against the Social Security Administration ("SSA").  While the

3   amended complaint is somewhat vague, it appears as though Plaintiff is seeking judicial review

4   concerning his social security benefits pursuant to 42 U.S.C. § 405(g) and should not have filed his

5   complaint against the SSA under the auspices of § 1983.  *See Schweiker v. Chilicky*, 487 U.S. 412,

6   423–24 (1987) (holding that a plaintiff may not pursue a *Bivens* action for social security benefits).[2]

7       Moreover, the SSA is not a proper defendant here because the United States enjoys

8   sovereign immunity.  In other words, the federal government is immune from suit unless it

9   expressly waives its immunity and consents to be sued.  *United States v. Shaw*, 309 U.S. 495,

10  500–01 (1940).  Under the Social Security Act, the United States consents to suit against the

11  Commissioner of Social Security by individuals requesting judicial review of the Commissioner's

12  benefit determinations. 42 U.S.C. § 405(g).  This consent does not extend to lawsuits against other

13  federal employees of the Social Security Administration acting in their official capacities.  *See*

14  *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir.1987);  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458

15  (9th Cir.1985).  Further, as indicated above, a plaintiff may not pursue a *Bivens* action for the

16  denial of social security benefits.  *See Schweiker*, 487 U.S. at 423–24.  Accordingly, the proper

17  defendant is the current Commissioner of Social Security, Carolyn W. Colvin.  Therefore,

18  Plaintiff's amended complaint will be dismissed with leave to amend.

19       If Plaintiff elects to proceed in this action by filing a second amended complaint, he is

20  informed that the court cannot refer to a prior pleading in order to make his second amended

21  complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself

22  without reference to any prior pleading.  This is because, as a general rule, an amended complaint

23  supersedes the original complaint.  *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir.

24  2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files a second amended

25  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

26

27

28      [2] *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971), establishes a legal theory by which plaintiff's may seek damages for constitutional violations committed by agents of the federal government.

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file Plaintiff's Amended Complaint (ECF No. 3).

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (ECF No. 3) be **dismissed** without prejudice with leave to amend as it relates to Defendants Greyhound Bus Lines, the Las Vegas Metropolitan Police Department ("LVMPD"), Valley Hospital, Delilah with the Animal Foundation, Heather Jordan with Save this Life, Sprint, Metro PCS, T-Mobile, Seigal Suites, the Social Security Administration, North Vista Hospital, Sunrise Hospital, the Salvation Army, and Catholic Charities. Plaintiff shall have until **October 28, 2016** to file a second amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the state of Nevada be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order

8

and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of September, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge

9